PEOPLE, PLAINTIFF AND APPELLEE, v. LÓPEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Seduction.

No. 1026.—Decided July 26, 1916.

SEDUCTION—PROMISE OF MARRIAGE—BREACH OF PROMISE.—In a prosecution for seduction under promise of marriage the court is not in error in refusing to strike out the testimony of the complaining witness to the effect that when she requested the defendant to keep his promise to her he married another person within three days. The marriage apparently completed the breach of the promise made to the complainant.

ID.—ID.—EVIDENCE—PREGNANCY OF COMPLAINANT—ERROR.—There is no prejudicial error in permitting a witness to testify that the complainant told him seven months after the occurrence that she was pregnant provided her condition was shown by other evidence; for although it is not an essential fact, it is evidence tending to corroborate the testimony of the complainant regarding her dishonor.

ID.—ID.—ESSENTIAL ELEMENTS—CORROBORATION.—There are two elements equally essential to the crime of seduction—the seduction and the promise of marriage. Therefore, there must be evidence tending to corroborate both elements.

ID.—ID.—INSTRUCTIONS—CORROBORATION.—An instruction to the jury that the admissions of the accused that he had seduced the victim is sufficient corroborating proof of her testimony regarding the seduction and the promise of marriage, is erroneous.

ID.—ID.—EVIDENCE—CORROBORATION—INSTRUCTIONS—WEIGHT OF EVIDENCE.—The fact that the defendant contracted marriage with another woman after he had been requested to fulfil his promise; his long and continued relations with the complainant; his confession that he had married another woman to avoid compulsory marriage with the complainant, and the fact that he gave the victim a ring, are all elements of proof tending to corroborate the testimony of the complainant regarding the promise of marriage, and the court should give the jury an opportunity to pass upon the weight of such evidence.

INSTRUCTIONS—OBJECTION OR EXCEPTION—APPEAL.—Even when no specific objection is made or exception taken to the charge to the jury, if the error committed by the court is fundamental it may be reviewed on appeal.

The facts are stated in the opinion.

*Messrs. Juan B. Huyke* and *Carlos Travecier* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In a prosecution for seduction under promise of marriage we think the court committed no error in refusing to strike out testimony wherein the prosecutrix related that the defendant, when she pressed him to marry her, married another within three days. The marriage apparently completed the breach of the promise made to the prosecutrix.

If error at all, it was harmless to permit a witness to state that the prosecutrix told the witness seven months after the event that the prosecutrix was pregnant. Her pregnancy was proved by other witnesses and while not a very material fact of the trial, was proof tending to corroborate the statement of prosecutrix that she had been dishonored.

Similarly, it made no difference that the court failed to instruct the jury in this regard.

As pregnancy was abundantly proved, admission of statements of witnesses that the prosecutrix had said she was pregnant were harmless error, if error at all, independently of the fact that neither the objections nor the assignments of error were clearly made.

We think that the court committed no error in telling the jury that the fact that the defendant was engaged to another woman, even if the prosecutrix knew of such engagement, did not, as a matter of law, destroy the information presented by the *fiscal*. So far as the instruction tends to indicate that a case had been made out against the defendant the language is subject to criticism, but the rest of the instructions shows that the court left matters of fact to the jury. Moreover, the particular language was not drawn to the attention of the court.

As the law provides that the prosecuting witness must be corroborated, we think that the court committed no error in saying that the jury could not have convicted if the *fiscal* had not presented other proof. The form of the instruction is somewhat bad as drawing attention to the fact that other proof had been presented by the *fiscal*, but as without such additional proof the defendant would have been entitled to

a summary instruction to acquit and as there was no specific objection, we find neither error nor prejudice.

The court was not justified, in a case for seduction under promise of marriage, in telling the jury that the admissions made by the defendant that he had dishonored the prosecutrix were a sufficient corroboration of her statement. In this crime there are two equally important elements, the seduction and the promise of marriage, and there should be proof tending to corroborate each of the said elements. *Kenyon* v. *People,* 26 N. Y. 203, 84 Am. Dec. 177; *Armstrong* v. *People,* 70 N. Y. 38; *State* v. *Munster,* 60 Or. 469, 120 Pac. 406; 35 Cyc. 1362. Otherwise the purpose of the law is destroyed. It is evident that if corroborative proof of the dishonoring by the defendant was sufficient, a defendant who had made no promise at all could be convicted as soon as the fact of seduction had been proved. There was evidence in the record tending to show that the defendant when pressed to marry the prosecutrix hastily married another woman. There was proof of a long continued relation between the defendant and the prosecutrix. Several witnesses testified that the defendant had admitted that he had married in haste to escape being compelled to marry the said principal witness. Now, while none of this is strong corroboration, we are inclined to think that it was evidence sufficient to leave to the jury the question of whether there was corroboration of the promise to marry. The proof, too, that defendant gave prosecutrix a ring, would have tended to corroborate her if such giving had been proved by evidence *aliunde.* In this case it was hearsay emanating from the prosecutrix. The court, however, gave the jury no opportunity to pass on the weight of the evidence with respect to the corroboration of the promise to marry.

There was no specific objection or exception to the instruction of the court, but under the principles enunciated in *People* v. *Lebrón,* 23 P. R. R. 611, and *People* v. *Barrios,* 23 P. R. R. 195, and cases cited therein, the said error was

fundamental and the judgment must be reversed and the case sent back for a new trial.

*Reversed and remanded.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.